UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON MUNOZ and AMY MUNOZ,<br><br>Plaintiffs,<br><br>v.<br><br>ELEVATOR SERVICE COMPANY OF CENTRAL CALIFORNIA, INC., et al.<br><br>Defendants. | Case No. C-13-02374-RMW<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Re Docket Nos. 23, 26] |

Plaintiffs seek leave to amend his complaint to add a new defendant, Kone, Inc., and a new claim for products liability. Dkt. No. 23 (Motion); Dkt. No. 1 (Complt.); Dkt. No. 23-1 (First Amended Complaint (FAC)). For the reasons explained below, the court grants the motion for leave to amend.[1]

## I. Background

Jason Munoz alleges that he was injured in an elevator accident that occurred on January 17, 2013 at the Naval Postgraduate School in Monterey, CA. FAC at ¶ 17. Mr. Munoz and his wife originally filed a complaint against defendant Elevator Service Company (ESC) for "general

---

[1] Plaintiffs also filed an "Ex Parte Application to Request an Order Allowing Filing of a Supplemental Declaration" under Civil Local Rule 7-3(d). Dkt. No. 26. Because the supplemental declaration would not aid in deciding whether to grant leave to amend, the court denies the Application as moot.

ORDER GRANTING LEAVE TO AMEND
Case No. C-13-02374-RMW
LRM

- 1 -

negligence" and loss of consortium in state court. Dkt. No. 1. The complaint was removed to this court on the basis of federal question jurisdiction, because the Naval Postgraduate School is a federal enclave. FAC at ¶ 8.

ESC is allegedly the company responsible for servicing the elevator from 2009 to the date of the accident. FAC ¶ 15. Plaintiffs' original complaint only named ESC and Doe defendants. Kone is allegedly the company that installed the elevator in 2005 and serviced the elevator through 2008. Plaintiffs now seek to add Kone as a defendant and allege a products liability claim, against Kone only, on the basis that Kone installed a defective elevator. FAC ¶ 21. Plaintiffs appear to have two theories, one that Kone installed the wrong valve in the elevator's hydraulic system and one that Kone used the wrong type of hydraulic fluid or did not alert others as to the type of hydraulic fluid used. *Id.* at ¶¶21-23.

In addition to the products liability claim against Kone, the FAC also includes a negligence claim against ESC and Kone, and a loss of consortium claim by Ms. Munoz against both Kone and ESC. Mr. Munoz seeks $5,000,000 in compensatory damages, and Ms. Munoz seeks $1,000,000.

## II. Analysis

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. Pro. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. Pro. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id.* Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

2003) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

### B.  Plaintiffs May File an Amended Complaint

Plaintiffs seek leave to amend to add Kone and a new claim based on products liability. Dkt. No. 23. Defendant ESC opposes because it would be unfairly prejudiced, discovery has closed, and plaintiffs should have been on notice that Kone was a potential defendant at least in March 2014.[2] Although defendant is correct that plaintiffs should have amended to add Kone as a defendant much earlier in this case, ESC is not subject to unfair prejudice as a result of amendment.

ESC argues that the amendment will "radically shift the nature of the case." Dkt. No. 24 at 6. The court does not agree. The nature of the claims against ESC—general negligence—is the same. It is unlikely that ESC will need to conduct further discovery, or that plaintiff will need to conduct further discovery against ESC. Instead, because the new claim is only against the new party, most if not all discovery will be directed to Kone. The prejudice to ESC is not great because it is unlikely that ESC will be required to "re-do" its discovery.

Second, while the delay is apparent when looking at the entire discovery period, plaintiffs amendment was made promptly after the depositions of ESC personnel and after plaintiffs had clearer evidence to support a claim against Kone. Dkt. No. 24 (Opp'n) at 3. Defendant alleges that plaintiffs did not diligently pursue discovery, but blame for the delay does not rest solely with plaintiffs (although some of it does). It appears that part of the delay was related to rescheduling the depositions of defendant's employees. Dkt. No. 25-1, ¶¶ 12-13. In addition, it appears that both parties had difficulty obtaining discovery from the Naval Postgraduate School and inspecting the elevator. The delay in plaintiffs' amendment is not "unexplained" and there is no evidence of a

---

[2] Defendant's argument that plaintiffs cannot seek leave to amend based on the Joint Case Management Statement is not persuasive. Dkt. No. 12. That deadline was not included in the court's case management order. Dkt. No. 16.

dilatory motive. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

Finally, bringing Kone into this case is likely to result in more complete resolution of the issues to be decided. As Kone may ultimately be the party responsible to plaintiffs, ESC is not prejudiced by bringing a co-defendant into the case. Therefore, the court in its discretion grants leave to amend.

### III. Order

For the reasons explained above, the court grants plaintiffs' motion for leave to amend, and enters the First Amended Complaint, Dkt. No. 23-1. Plaintiff must serve Kone within 30 days. A case management conference is set for January 9, 2015 at 10:30 am.

Dated: October 31, 2014

Ronald M. Whyte
United States District Judge